AO 106 (Rev. 01/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

|  |  |  |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address.)* | )<br>) | |
| a black TCL Tracfone, Model A501DL, IMEI:<br>015641000144653 | )<br>)<br>)<br>)<br>)<br>) | Case No.  22-MJ- 4003 |

## APPLICATION FOR A SEARCH WARRANT

I, Christa Thomas, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York *(identify the person or describe property to be searched and give its location)*: a black TCL Tracfone, Model A501DL, IMEI: 015641000144653, as further described in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:   See Attachment B, Items to be Searched for and Seized, all of which are evidence, contraband, fruits, and instrumentalities of violations of Title 18 United States Code, Sections 2252A(a)(5)(B), and all of which are more fully described in the application and affidavit filed in support of these warrants, the allegations of which are adopted and incorporated by reference as if fully set forth herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

     X    evidence of a crime;
     X    contraband, fruits of crime, or other items illegally possessed;
     X    property designed for use, intended for use, or used in committing a crime;
    \_\_\_\_\_ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of  18  U.S.C. § 2252A(a)(5)(B), and the application is based on these facts which are continued on the attached sheet.

     ☐ Delayed notice of \_\_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

 

*Applicant's signature*

Christa Thomas, SA, FBI
*Printed name and title*

Application submitted electronically by email/.pdf and attested to me and before me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3).

Date:  January 12, 2022

Marian W. Payson
*Judge's signature*

City and state: \_\_\_\_\_ Rochester, New York \_\_\_\_\_

Hon. Marian W. Payson, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

STATE OF NEW YORK   )
COUNTY OF MONROE   )          SS:
CITY OF ROCHESTER   )

I, CHRISTA M. THOMAS, being duly sworn, depose and state:

1.       I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice, Buffalo, New York.   I am an investigative or law enforcement officer of the United States, empowered to perform investigations and make arrests related to violations of federal law.   I have been employed as a Special Agent of the FBI since December of 2020 and I am currently assigned to the Rochester, New York (NY) Resident Agency.   My duties involve investigating federal crimes including violations of Title 18, United States Code, Sections 2251 and 2252A.

2.       The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers, and the review of documents and records.

3.       This affidavit is made in support of an application for a warrant to search the contents of a black TCL Tracfone, Model A501DL, IMEI: 015641000144653, as further described in Attachment A (hereinafter the "SUBJECT PHONE").

4.       As set forth in more detail below, I respectfully submit that there is probable cause to believe that evidence, contraband, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography) (hereinafter the "TARGET OFFENSE") are located within the SUBJECT PHONE.

5.      Because this affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant, I have not included every detail of the investigation.   Rather, I have set forth only those facts that I believe are sufficient to establish probable cause to believe that evidence, contraband, fruits, and instrumentalities of the TARGET OFFENSE are presently located in the SUBJECT PHONE.

6.      Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part.

## BACKGROUND INFORMATION

7.      On or about December 14, 2011, Jason KOSCIELSKI pled guilty in the United States District Court for the Western District of New York (Case No. 10-CR-6237) to a 6-count Indictment charging him with Possession of Child Pornography (Counts 1 & 2), Receipt of Child Pornography (Counts 3 & 4), and Distribution of Child Pornography (Counts 5 & 6).

8.      On or about January 24, 2013, the Honorable Charles A. Siragusa sentenced KOSCIELSKI to a combined term of imprisonment of 135 months to be followed by 30 years of supervised release.   The following is one of the conditions of supervised release that Judge Siragusa imposed:

> The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveil all activity on computer(s) or connected device(s) owned or operated by the defendant.  The defendant may be required to pay the cost of monitoring services at the rate provided by the U.S. Probation Office.   The rate and payment schedule are subject to periodic adjustments by the U.S. Probation Office.   The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office.   As triggered by impermissible/suspicious activity, the defendant shall

consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant.  This examination shall include but is not limited to retrieval and copying all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection.

(Case No. 10-CR-6237, Dkt. 56, p.4)

9.      On or about September 5, 2020, KOSCIELSKI was released from the Bureau of Prisons (BOP) custody and began his term of supervised release.  KOSCIELSKI was to be supervised by the United States Probation Office (USPO) in Rochester, NY.

10.     On or about September 15, 2020, KOSCIELSKI met with United States Probation Officer ("PO") Jillian Trahms to review the terms of his supervision.  During the meeting, KOSCIELSKI told PO Trahms that he was in possession of an unmonitored cellular telephone.  PO Trahms confiscated the cellular telephone, which was a Motorola XT1952-4 cellular phone with IMEI Number 359534094615536 (hereinafter the "First Confiscated Phone"), for review and installation of monitoring software.

11.     Upon this review of the First Confiscated Phone, on September 16, 2020, USPO personnel observed images and videos that they believed could constitute child pornography, as defined by Title 18, United States Code, Section 2256(8).

12.     Supervisory United States Probation Officer Roosevelt Smith, Jr., asked FBI Special Agent Barry Couch of the Rochester Resident Agency's Child Exploitation and Human Trafficking Task Force to review the two videos found on the First Confiscated Phone.  SA Couch reviewed the videos.  In the first, SA Couch observed two boys, approximately 14 years old, engaged in anal sex.  The second video showed a boy, approximately 10 years old, fully naked, masturbating.  Both files were in the phone's trash

3

folder. Based upon SA Couch's training and experience, he believed that these videos constituted child pornography, as defined by Title 18, United States Code, Section 2256(8).

13.     On or about September 16, 2020, PO Trahms filed a Petition for Warrant or Summons for Offender Under Supervision (the "First Violation Petition"), which charged KOSCIELSKI with violating the conditions of his supervised release by (a) committing another federal, state, or local crime and (b) possessing and downloading child pornography. Because there were fewer than three videos containing child pornography on the First Confiscated Phone and both of those videos were in the trash folder, the United States Attorneys Office did not file new criminal charges associated with this violation.

14.     On or about December 17, 2020, KOSCLELSKI pled guilty to Count #1 of the First Violation Petition, *i.e.*, commission of another federal, state, or local crime.

15.     On or about January 21, 2021, Judge Siragusa sentenced KOSCIELSKI to a term of imprisonment of 12 months and one day to be followed by a term of 30 years' supervised release. The terms of KOSCIELSKI's supervised release included the Special Condition quoted in Paragraph 8, above.   (*See* 10-cr-6273, Dkt. 68, p. 5.)

## PROBABLE CAUSE

16.     On or about July 26, 2021, KOSCIELSKI was released from BOP custody and began his second term of supervised release.

17.     On or about August 20, 2021, KOSCIELSKI was placed at the Volunteers of America, Residential Reentry Center ("VOA-RRC") located in Rochester, NY.

18.     On or about November 16, 2021, PO Trahms was contacted by VOA-RRC

Case Manager Dottie Burgess.   Burgess advised PO Trahms that KOSCIELSKI was being

unsuccessfully discharged from the VOA-RRC program.   Based on this noncompliance, PO

Trahms filed a violation petition (the "Second Violation Petition") against KOSCIELSKI and

obtained a warrant for his arrest.

19.     On or about November 9, 2021, KOSCIELSKI was arrested.

20.     On or about November 16, 2021, PO Trahms received another telephone call

from Burgess.   Burgess informed PO Trahms that, while Burgess was bagging up

KOSCIELSKI's belongings in his bedroom at the VOA-RRC (a standard discharge

procedure) Burgess found a cellular telephone that she believed belonged to KOSCIELSKI

(*i.e.*, the SUBJECT PHONE).   Burgess found the SUBJECT PHONE in KOSCIELSKI's

closet alongside his personal belongings.

21.     On or about November 16, 2021, PO Trahms obtained the SUBJECT PHONE

from Burgess.   PO Trahms noted that the SUBJECT PHONE's passcode was the last four

digits of KOSCIELSKI's social security number and on the home screen of the SUBJECT

PHONE it read "Jason's Phone."

22.     PO Trahms reviewed the SUBJECT PHONE and observed images of children

that she believed could constitute child pornography.   PO Trahms subsequently obtained a

Cellebrite extraction of the SUBJECT PHONE's contents.

23.     PO Trahms then asked me to review the images she identified as potentially

constituting child pornography in the Cellebrite extraction of the SUBJECT PHONE.

5

24.     I observed one photo that showed two boys, both approximately 8-13 years of age, engaging in anal sex. Based upon my training and experience in the investigation of child pornography cases, this image constitutes child pornography, as defined by Title 18, United States Code, Section 2256(8).

25.     After viewing what I believed to be child pornography, I stopped viewing the extraction in order to obtain a Federal Warrant to search the SUBJECT PHONE.

26.     On or about December 29, 2021, PO Trahms gave me the SUBJECT PHONE and I transported it directly to the FBI Office in Rochester, New York, where it currently still is. I have not searched the contents of the SUBJECT PHONE other than to verify the IMEI number.

27.     To the best of my knowledge, based on a search of information publicly available, I believe that the SUBJECT PHONE was manufactured in China.

## TRAINING AND EXPERIENCE

28.     Based upon my knowledge, experience, and training in child sexual abuse material investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the production, distribution, and possession of child pornography:

    a.     Those who produce, distribute, and/or possess child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

6

b.   Those who produce, distribute, and/or possess child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videos, books, slides and/or drawings or other visual media.   Such individuals often use these materials for their own sexual arousal and gratification.   Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual act.

c.   Those who produce, distribute, and/or possess child pornography often possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, videos, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location.   These individuals sometimes retain pictures, films, videos, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, and child erotica for many years.

d.   Likewise, those who produce, distribute, and/or possess child pornography often maintain their collections that are in a digital or electronic format in a safe, secure, and private environment, such as a computer, cell phone, or other digital device, and surrounding area.   These collections are often maintained for several years and are kept close by, to enable the collector to view the collection, which is valued highly.   In many cases, the individual may store the collection and use a laptop computer, a hard drive, a cellular telephone, or other digital storage device, which can easily be transported from one location to another, such as in a vehicle, to keep his collection private and be able to view the collection at various locations as desired.

e.   Those who produce, distribute, and/or possess child pornography also may correspond with and/or meet others to share information and materials; often maintain correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of individuals with whom they have been in contact and who share the same interests in child pornography.

f.   Those who produce, distribute, and/or possess child pornography prefer not to be without their child pornography for any prolonged time period.   This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

g.   Files of child pornography stored on digital devices, such as thumb drives, can sometimes be viewed by law enforcement even after having been deleted.

h.   Files of child pornography stored on digital devices are often copied onto other digital storage media, such as thumb drives, computers, or external hard drives, by those engaged with the child pornography activity.

7

## CONCLUSION

29.     Based upon the forgoing, I respectfully submit that there is probable cause to believe that evidence, contraband, fruits, and instrumentalities of the TARGET OFFENSE, as specifically described in Attachment B to this application, are presently located within the SUBJECT PHONE.

30.     I therefore respectfully request that a warrant be issued authorizing a search of the SUBJECT PHONE for the items listed in Attachment B.

CHRISTA M. THOMAS
Special Agent
Federal Bureau of Investigation

Affidavit submitted electronically by email
in .pdf format.   Oath administered, and
contents and signature attested to me as
true and accurate telephonically pursuant
to Fed. R. Crim. P. 4.1 and 41(d)(3) on this
__12__ day of January 2022.

HON. MARIAN W. PAYSON
United States Magistrate Judge

8

## <u>Attachment A</u>

### Description of Property to be Searched

The contents of a black, TCL Tracfone cellular telephone, Model A501DL, IMEI Number: 015641000144653 (the "SUBJECT PHONE")

**<u>Attachment B</u>**

**Items to be Searched for and Seized**

a.      Images of child pornography and files containing images of child pornography in any form;

b.      Records or correspondence pertaining to the possession of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18 United States Code 2256, that were transmitted or received using a digital device or some other facility or means of interstate or foreign commerce; and

c.      Records or other items which show evidence of ownership or use of the SUBJECT PHONE.

**(Final Version Mag. Payson   5-4-04)**
**ADDENDUM TO SEARCH WARRANT**
**SEARCH OF COMPUTERS**

1.   The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court.

2.   In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3.   Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4.   In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5.   If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court.   The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

6.   Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7.   Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.